IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                          Case No. 4:15-cr-00281 KGB

ANTHONY FONZIE                                                        DEFENDANT

## ORDER

Defendant Anthony Fonzie has filed objections to the presentence report ("PSR") or, in the alternative, a motion for a downward departure or downward variance (Dkt. No. 23). The government responded to Mr. Fonzie's objections, and Mr. Fonzie replied to the government's response (Dkt. Nos. 28; 29). For the following reasons, the Court overrules Mr. Fonzie's substantive objections to the PSR (Dkt. No. 23).[1] The Court takes under advisement Mr. Fonzie's alternative motion for a downward departure or downward variance and will rule on Mr. Fonzie's request for a downward departure or downward variance after providing the parties with an opportunity to address the motion during the Court's sentencing hearing. The only grounds for a departure that the Court will consider at the sentencing hearing are those raised in Mr. Fonzie's prehearing submission (Dkt. No. 23). *See* Fed. R. Crim. P. 32(h) ("Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure.").

---

[1] To the extent that Mr. Fonzie objects to the PSR to clarify that he was mis-identified as a participant in the case described in Paragraph 33 of the PSR, that he was not charged with certain offenses listed in Paragraph 34 of the PSR, and that he completed the eighth grade as recited in Paragraph 43 of the PSR, the Court does not address these objections in this Order (Dkt. No. 23, at 1, 5).

### I. Objections

In the PSR, the Unites States Probation Office categorizes Mr. Fonzie as a career offender under the 2016 Guidelines Manual, incorporating all guideline amendments. The Sentencing Guidelines provide that:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. §4B1.1(a) (2016).

Mr. Fonzie objects to his categorization as a career offender for three reasons. First, he claims that the convictions listed in Paragraphs 25 and 26 of the PSR are void because he contends that the sentences he received for these convictions were illegal. Second, he argues that the convictions listed in Paragraphs 24 and 26 do not qualify as controlled substance offenses. Third, he argues that his conviction for second degree murder, listed in Paragraph 25 of the PSR, does not qualify as a crime of violence.

#### A. "Illegal" Sentences

Paragraph 25 of the PSR provides that, on September 12, 2005, Mr. Fonzie was convicted of second degree murder in the Circuit Court of Phillips County, Arkansas. Mr. Fonzie received a sentence of five years of probation, a $300 fine, court costs, and 24 months supervised probation for this offense. The PSR attributes one criminal history point to Mr. Fonzie based on this conviction.

Mr. Fonzie objects to Paragraph 25 and argues that the Court should not use this conviction as a predicate offense for categorizing him as a career offender. Citing two decisions from the Arkansas Supreme Court, Mr. Fonzie notes that, under Arkansas law, "sentencing is entirely a

matter of statute[,]" such that "[w]here the law does not authorize the particular sentence pronounced by a trial court, that sentence is unauthorized and illegal, and the case must be reversed and remanded" (Dkt. No. 23, at 2) (quoting *State v. Stephenson*, 9 S.W.3d 495, 496 (Ark. 2000)); *see also Donaldson v. State*, 257 S.W.3d 74, 76 (Ark. 2007) ("A sentence is void or illegal when the trial court lacks authority to impose it."). Mr. Fonzie argues that the probationary sentence he received for his conviction of second degree murder is "void under Arkansas law" because "the Phillips County Court was not authorized by [statutory] law to impose a sentence of probation, or to impose a sentence below the minimum term of six years" (Dkt. No. 23, at 1-2) (citing Ark. Code Ann. § 5-4-301(a)(1)(E); Ark. Code Ann. § 5-4-104; Ark. Code Ann. § 5-4-401).

Paragraph 26 of the PSR provides that, on November 27, 2006, Mr. Fonzie was convicted of attempted delivery of a controlled substance (cocaine) in the Circuit Court of Phillips County, Arkansas. Mr. Fonzie was sentenced to 60 months of probation, a $500 fine, and court costs for this offense. Mr. Fonzie argues that this probationary sentence is also "unauthorized, illegal, and void under Arkansas Law" (Dkt. No. 23, at 3).

The Court overrules Mr. Fonzie's objections to his convictions based on "illegal" sentences. When deciding a defendant's criminal history under United States Sentencing Guideline § 4A1.1 and career offender status under § 4B1.1, courts "should count earlier convictions unless the convictions '(A) have been reversed or vacated . . . , or (B) have been ruled constitutionally invalid in a prior case.'" *United States v. Jones*, 28 F.3d 69, 70 (8th Cir. 1994) (quoting U.S.S.G. § 4A1.2 cmt. n.6 (Nov. 1993)); *see also* U.S.S.G. §4A1.2 cmt. n.6 (2016); U.S.S.G. §4B1.3 cmt. n.3 (2016) ("The provisions of §4A1.2 (Definitions and Instructions for Computing Criminal History) are applicable to the counting of convictions under §4B1.1."). There is no dispute that the criminal convictions listed in Paragraphs 25 and 26 of the PSR have not been

reversed, vacated, or ruled constitutionally invalid in a prior case. Even if these sentences are "facially invalid," as Mr. Fonzie claims, they have not been reversed, vacated, or ruled constitutionally invalid in a prior case. *See Blackwell v. State*, 455 S.W.3d 848, 855 (Ark. App. 2015) (acknowledging that the defendant's sentence was illegal on its face because "the judgment reflects a sentence of zero years' imprisonment for the manslaughter conviction, a Class C felony, which requires a three-year minimum[,]" but declining to invalidate the sentence because the State did not appeal the sentence).

Furthermore, the Sentencing Guidelines "do not confer upon the defendant any right to attack collaterally a prior conviction or sentence beyond any such rights otherwise recognized in law." U.S.S.G. §4A1.2 cmt. n.6 (2016). Mr. Fonzie does not identify any law "conferring a right to attack his earlier convictions during his sentencing[,]" and the Court is not aware of any such law that would apply to this case. *Jones*, 28 F.3d at 70.[2] Therefore, the Court overrules Mr. Fonzie's objections to these convictions based on the alleged illegality of his sentences.[3]

### B. Attempted Controlled Substance Offenses

Paragraph 24 of the PSR provides that on September 9, 2005, Mr. Fonzie was convicted of attempted delivery of a controlled substance (cocaine) in the Circuit Court of Phillips County,

---

[2] While the "Constitution . . . requires federal courts to permit a collateral attack on an earlier state conviction during federal sentencing when the defendant asserts the state court violated the defendant's right to appointed counsel[,]" *Jones*, 28 F.3d at 70, Mr. Fonzie does not allege that the state court violated his right to appointed counsel in either of the cases at issue.

[3] The Court also notes that Mr. Fonzie does not attack the legality of the convictions listed in Paragraphs 25 and 26 of the PSR, but rather he attacks the sentences imposed based on those convictions. Assuming without deciding that Mr. Fonzie's probationary sentences for these convictions were inconsistent with Arkansas law, these convictions would still qualify as prior felony convictions for the purposes of determining whether Mr. Fonzie is a career offender under the Sentencing Guidelines. *See* U.S.S.G. §4B1.3 cmt. n.1 (2016) ("'*Prior felony conviction*' means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony *and regardless of the actual sentence imposed*.") (emphasis added).

4

Arkansas. Paragraph 26 of the PSR provides that, on November 27, 2006, Mr. Fonzie was convicted of attempted delivery of a controlled substance (cocaine) in the Circuit Court of Phillips County, Arkansas. Mr. Fonzie "objects to the factual assertions" made in these paragraphs and argues that these convictions "are not proper predicate offenses for a career offender determination because they are 'Attempts' and Arkansas defines an 'attempt' more broadly than a 'generic attempt'" (Dkt. No. 23, at 4).

"To determine whether a prior conviction qualifies as a controlled substance offense, the court must apply the 'categorical approach,' under which '[courts] consider the offense generically, that is to say, [courts] examine it in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion.'" *United States v. Robinson*, 639 F.3d 489, 495 (8th Cir. 2011) (quoting *Begay v. United States,* 553 U.S. 137, 141 (2008)). Therefore, the Court must determine whether Mr. Fonzie's 2005 and 2006 convictions of attempted delivery of a controlled substance categorically fit within the generic federal definition of an attempted controlled substance offense.

The Sentencing Guidelines define "controlled substance offense" as:

An offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. §4B1.2(b) (2016). The Commentary to United States Sentencing Guideline §4B1.2 clarifies that "[f]or purposes of this guideline . . . 'controlled substance offense' include[s] the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." U.S.S.G. §4B1.2 cmt. n.1 (2016). To the extent that Mr. Fonzie argues that the Court should disregard this Application Note, the Court rejects his argument (Dkt. No. 23, at 4-5). This provision is binding

5

on the Court, as it is not "clearly erroneous or in conflict with the Constitution, a federal statute, or the guideline itself[.]" *United States v. Godsey*, 690 F.3d 906, 910 (8th Cir. 2012); *see also United States v. Bratton*, 144 F. App'x 567, 568 (8th Cir. 2005) (unpublished) (relying on the Commentary to U.S.S.G. §4B1.2(b) in finding that a conviction for "attempt to possess marijuana with intent to sell" counted as a qualifying conviction for career-offender purposes); *United States v. Nieves-Borrero*, 856 F.3d 5, 9 (1st Cir. 2017) (treating the Commentary to U.S.S.G. §4B1.2(b) as authoritative).

In 2005 and 2006, Arkansas law provided that "it [wa]s unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver a controlled substance." Ark. Code Ann. § 5-64-401 (2005); Ark. Code Ann. § 5-64-401 (2006) (same). A separate statute provided that a person could be convicted of attempting to commit an offense:

> [I]f he or she purposely engages in conduct that:
>
> (1) Would constitute an offense if the attendant circumstances were as the person believes them to be; or
>
> (2) Constitutes a substantial step in a course of conduct intended to culminate in the commission of an offense whether or not the attendant circumstances are as the person believes them to be.

Ark. Code Ann. § 5-3-201(a) (2005); Ark. Code Ann. § 5-3-201(a) (2006) (same). The government contends, and Mr. Fonzie does not appear to dispute, that a conviction under Arkansas Code Annotated § 5-64-401, the underlying state offense for manufacturing, delivering, or possessing with intent to manufacture or deliver a controlled substance, would qualify as a controlled substance offense (Dkt. No. 28, at 3). Mr. Fonzie's objections focus solely on the fact that he was convicted for attempting to deliver controlled substances (Dkt. No. 23, at 4; Dkt. No. 29, at 2-6). Therefore, the narrow question before the Court is whether Arkansas's criminal *attempt* statute categorically fits within the generic federal definition of attempt.

6

The first step in the Court's inquiry is determining the generic federal definition of attempt. Under federal law, "[t]o prove attempt, the government must show 1) intent to engage in the crime and 2) conduct constituting a substantial step towards the commission of the crime." *United States v. Burks,* 135 F.3d 582, 583 (8th Cir. 1998) (citing *United States v. Buchanan,* 985 F.2d 1372, 1376 (8th Cir. 1993)). An action that is a "mere preparation" for criminal activity does not qualify as a substantial step towards the commission of the crime. *See United States v. Joyce*, 693 F.2d 838, 841–42 (8th Cir. 1982) (quoting *United States v. Monholland*, 607 F.2d 1311, 1319 (10th Cir. 1979) ("As the court recognized in *Monholland,* 607 F.2d 1319, 'the [attemptor's] act must have passed the preparation stage so that if it is not interrupted extraneously, it will result in a crime.'"). However, "[a] substantial step . . . may be less than the last act necessary before commission of the substantive crime.'" *Burks*, 135 F.3d at 583 (quoting *United States v. Plenty Arrows,* 946 F.2d 62, 66 (8th Cir. 1991)).

The second step in the Court's inquiry is determining whether a conviction for attempt under Arkansas law categorically fits within this generic definition. Arkansas's attempt statute sets out two alternative subsections of the offense. Under the first subsection, a person may be convicted of attempting to commit a crime if the person purposely engages in conduct that "[w]ould constitute an offense if the attendant circumstances were as the person believes them to be[.]" Ark. Code Ann. § 5-3-201(a)(1) (2005); Ark. Code Ann. § 5-3-201(a)(1) (2006) (same). The Court finds that a conviction under this subsection, which the government labels as the "state 'sting' provision" (Dkt. No. 28, at 5), categorically fits within the generic federal definition of attempt. A defendant convicted under this subsection must do more than take a substantial step toward committing the offense; they must take an action that would constitute the offense if the attendant circumstances were as the defendant believed them to be. For example, the Arkansas

7

Court of Appeals held that there was sufficient evidence to support a defendant's conviction for attempted theft by deception, despite the fact that the defendant's victims were not deceived by his actions, because the defendant intended to deceive his victims and he "believed he was deceiving the victims" at the time of his arrest. *Wilson v. State*, 939 S.W.2d 313, 315 (Ark. App. 1997). This provision is within the generic federal definition of attempt. *See United States v. Howard*, 427 F.3d 554, 558 (8th Cir. 2005) (affirming the defendant's conviction for attempted possession with intent to distribute a controlled substance despite the fact that it was impossible for the defendant to possess controlled substances, where the defendant believed a law enforcement informant would return a portion of drugs and money to him and the defendant brought a gun and wore a bulletproof vest to a meeting with the informant).

Under the second subsection of Arkansas's attempt statute, a person may be convicted of attempting to commit a crime if the person purposely engages in conduct that "[c]onstitutes a substantial step in a course of conduct intended to culminate in the commission of an offense whether or not the attendant circumstances are as the person believes them to be." Ark. Code Ann. § 5-3-201(a)(2) (2005); Ark. Code Ann. § 5-3-201(a)(2) (2006) (same). Mr. Fonzie does not identify, and the Court is not aware of, any authority under Arkansas law that demonstrates that Arkansas's attempt statute criminalizes more conduct than the generic federal definition of attempt. Mr. Fonzie's reliance on a case from the Ninth Circuit Court of Appeals in his reply is unavailing (Dkt. No. 29, at 2-3), as the Ninth Circuit analyzes Delaware's definition of attempt, not Arkansas's. *United States v. Gonzalez-Monterroso*, 745 F.3d 1237, 1239 (9th Cir. 2014) ("This appeal raises the question whether Delaware's criminal attempt statutes, *see* Del. Code Ann. tit. 11, §§ 531(2), 532, constitute a federal generic attempt crime for purposes of imposing an enhancement under the U.S. Sentencing Guidelines."). The Ninth Circuit's analysis of the

statutory definition of intent under Delaware law and the interpretation of that law by Delaware courts, *see id.*, at 1243-45, does not apply to the question before the Court: whether a conviction for attempt under Arkansas law fits within the generic federal definition of intent. Arkansas and Delaware's attempt statutes are not identical. *Compare* Ark. Code Ann. § 5-3-201(c) (2016) (establishing that "[c]onduct is not a substantial step under this section unless the conduct is strongly corroborative of the person's criminal purpose," but not providing an exact definition for "substantial step"); *with* Del. Code Ann. tit. 11, § 532 (2016) (clearly defining "substantial step" as "an act or omission which leaves no reasonable doubt as to the defendant's intention to commit the crime which the defendant is charged with attempting."). Furthermore, Arkansas and Delaware courts interpret their statutes differently. *Compare Mitchem v. State*, 238 S.W.3d 623, 627 (Ark. App. 2006) (establishing that, for the purposes of Ark. Code Ann. § 5-3-201, a defendant's overt act must go beyond mere preparations to be considered a substantial step); *with Hassan-El v. State*, 911 A.2d 385, 392 (Del. 2006) ("The law of 'attempts' under the Criminal Code 'seeks to prevent even the preparations from crime by threatening punishment prior to the completion of the crime.'").

The Court finds that a conviction under this subsection of Arkansas's attempt statue categorically fits within the generic federal definition of attempt. Like the federal generic definition of attempt, a person must intend to engage in the crime to be convicted of attempt under Arkansas law. *See Barnett v. State*, 3 S.W.3d 344, 345 (Ark. App. 1999) (analyzing whether there was sufficient evidence of intent to sustain the defendant's conviction of criminal attempt to possess crack cocaine). Furthermore, like federal law, Arkansas law requires conduct constituting a substantial step towards the commission of the crime. *See* Ark. Code Ann. § 5-3-201(a)(2) (2005) (requiring conduct that constitutes a substantial step in a course of conduct intended to

culminate in the commission of an offense); Ark. Code Ann. § 5-3-201(a)(2) (2006) (same). Conduct qualifying as a substantial step is substantially the same under Arkansas and federal law. *Compare United States v. Huggans*, 650 F.3d 1210, 1223–24 (8th Cir. 2011) (concluding that a reasonable factfinder could find that the defendant took a substantial step toward possessing with intent to distribute cocaine where there was evidence that the defendant arranged to purchase cocaine from a cooperating witness, that the defendant met the cooperating witness in a hotel room bringing nearly $330,000 in cash, that he actually handed over the money to the cooperating witness, and that he accompanied the cooperating witness out of the hotel room with the intention of obtaining the cocaine from one of the cooperating witness's associates); *with Barnett*, 3 S.W.3d at 345 (concluding that the defendant took a substantial step to purchase crack cocaine when he requested a "thirty" from a detective posing as a drug dealer, that that undercover officer testified that, based on his experience as a narcotics officer, the term "thirty" meant $30 worth of crack cocaine, that the undercover officer told the defendant to drive around the block and that he would have "it" when the defendant returned, and that another officer stopped the defendant's vehicle and found $30 in the defendant's possession in an ensuing search). Like federal law, under Arkansas law, "[t]o be considered a substantial step . . . , a defendant's overt acts must be beyond mere preparation . . . . That is, conduct is not a substantial step unless it is strongly corroborative of a person's criminal purpose. Ark. Code Ann. § 5–3–201(c)." *Mitchem*, 238 S.W.3d at 627 (defining substantial step for the purposes of attempted rape while citing to the definition of substantial step in Arkansas's attempt statute).

The Court finds that both subsections of Arkansas's attempt statute categorically fit within the federal generic definition of attempt. As there is no dispute that the underlying state offense for manufacturing, delivering, or possessing with intent to manufacture or deliver a controlled

substance qualifies as a controlled substance offense, the Court finds that Mr. Fonzie's convictions for attempted delivery of a controlled substance qualify as controlled substance offenses for the purposes of United States Sentencing Guidelines §4B1.2. Therefore, the Court overrules Mr. Fonzie's objections to Paragraphs 24 and 26 of the PSR (Dkt. No. 23, at 4-5).

### C. Second Degree Murder As A Crime Of Violence

Mr. Fonzie argues that his conviction for second degree murder, listed in Paragraph 25 of the PSR, does not qualify as a crime of violence for the purposes of United States Sentencing Guideline §4B1.1(a) because: "(1) it does not include 'physical force' as an element of the offense, (2) it is not an enumerated offense in the text of the career-offender guideline, and (3) it does not require a 'purposeful' mens rae [sic]" (Dkt. No. 23, at 8). The Court overrules this objection because second degree murder, as defined by Arkansas law, qualifies under the force clause of United States Sentencing Guideline §4B1.2(a)(1). As this conviction qualifies under the force clause, the Court will not address whether the conviction is a crime of violence because it is an enumerated offense under the current version of United States Sentencing Guideline §4B1.2(a)(2) (amended 2016).

The Sentencing Guidelines' force clause defines "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. 4B1.2(a)(1). For the purposes of the force clause, "physical force" means "'*violent* force—that is, force capable of causing physical pain or injury to another person.'" *United States v. Williams*, 690 F.3d 1056, 1067–68 (8th Cir. 2012) (emphasis in original) (quoting *Johnson v. United States,* 130 S.Ct. 1265, 1271 (2010)). Mr. Fonzie appears to argue that his second degree murder conviction does not qualify as a crime of violence because the "elements of the crime of

11

conviction [did not] necessarily require the use, attempted use, or threatened use of physical force." *United States v. Winston*, 845 F.3d 876, 877 (8th Cir. 2017), *cert. denied*, No. 16-8863, 2017 WL 1495503 (U.S. May 30, 2017).

The Court rejects this argument and finds that a conviction of second degree murder under Arkansas law qualifies as a crime of violence under the force clause. The statute for second degree murder that was in effect when Mr. Fonzie was convicted provided that:

A person commits murder in the second degree if:

> (1) He knowingly causes the death of another person under circumstances manifesting extreme indifference to the value of human life; or
> 
> (2) With the purpose of causing serious physical injury to another person, he causes the death of any person.

Ark. Code Ann. § 5-10-103(a) (2005). A conviction under either of these subsections requires the use, attempted use, or threatened use of physical force against the person of another because a person can only be convicted under either subsection if they have caused the death of another person. As the Eighth Circuit Court of Appeals recently explained, "[p]hysical force means force capable of causing physical pain or injury to another person, and it is impossible to cause bodily injury without using force capable of producing that result." *Winston*, 845 F.3d at 878 (internal quotation marks omitted) (internal citations omitted). It is self-evident that death qualifies as bodily injury; therefore, a conviction under either subsection of Arkansas's second degree murder statute necessarily requires the use of physical force.

Mr. Fonzie appears to argue that, to qualify as a crime of violence under the force clause, a conviction for second-degree murder must "require a 'purposeful' mens rae [sic]" (Dkt. No. 23, at 8). The Eighth Circuit has held that a prior conviction cannot qualify as a crime of violence under the force clause if the statute could be violated with a mental state of recklessness. *See*

12

*United States v. Boose*, 739 F.3d 1185, 1188 (8th Cir. 2014) ("Arkansas law establishes the first-degree battery statute can be violated with a mental state of recklessness. As a result, a conviction for battery in the first degree under § 5–13–201(a)(3) is not a qualifying crime of violence under the force clause of U.S.S.G. § 4B1.2(a)(1)."). However, a conviction of second-degree murder under Arkansas law requires either a knowing or purposeful mental state. *See* Ark. Code Ann. § 5-10-103(a) (2005). Furthermore, to be convicted of second degree murder with a "knowing" mental state, a person must "knowingly cause[] the death of another person under circumstances manifesting extreme indifference to the value of human life." Ark. Code Ann. § 5-10-103(a)(1) (2005). In the context of second-degree murder, the Arkansas Supreme Court "has defined 'extreme indifference' as *deliberate conduct* that culminates in the death of another person." *Wyles v. State*, 249 S.W.3d 782, 786 (Ark. 2007) (emphasis added) (citing *Sanford v. State,* 962 S.W.2d 335 (Ark. 1998)). Therefore, the Court finds that Mr. Fonzie's second-degree murder conviction qualifies as a crime of violence under the force clause.

**II.      Motion For A Downward Departure Or Downward Variance**

Mr. Fonzie alternatively moves for a downward departure or downward variance (Dkt. No. 23, at 6-9). In his motion, Mr. Fonzie argues that:

> [I]n light of the adverse condition in which he was raised, his lack of guidance, lack of education, drug use at an early age, his time for custody following the state court conviction for "relevant conduct", and the fact that facially invalid sentences have had a significant impact on his sentencing range, that a sentence below the guideline range is sufficient to accomplish the goals of §3553.

(*Id.*, at 9). The government opposes Mr. Fonzie's motion (Dkt. No. 28, at 7-9).

The Court takes Mr. Fonzie's motion for a downward departure or downward variance under advisement. The Court will rule on Mr. Fonzie's motion after providing the parties with an opportunity to present additional argument at the sentencing hearing.

So ordered this 19th day of June, 2017.

_Kristine G. Baker_
Kristine G. Baker
United States District Judge